IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM LESLIE LEE,

    Petitioner,

v.                                                             CASE NO. 5:15-cv-69-RS-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing Doc. 1, petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the petition, Petition challenges his 1992 conviction for sexual battery of a child of less than twelve years.  Upon filing, the Court took judicial notice of Petitioner's previous two federal habeas petitions challenging his 1992 conviction for sexual battery of a child of less than twelve years: (1) *William Leslie Lee v. Harry K Singletary, Jr.*, Case No. 5:98-cv-135-RH (N.D. Fla. Aug. 27, 1999) (Petitioner's federal habeas petition challenging his conviction for sexual battery of a child less than twelve years old was dismissed on August 27, 1999 on grounds of procedural default, no certificate of appealability granted); (2) *William Leslie Lee v. James Crosby*, Case No. 5:05-cv-239-SPM-MD (N.D. Fla. Feb. 1, 2006)(Petitioner's federal habeas petition challenging his conviction and sentence for sexual battery of a child less than twelve years of age was dismissed as successive because Petitioner had failed to obtain leave of the Eleventh Circuit to file a successive petition).

To file a second or successive § 2254 petition the Petitioner must first obtain an

order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dept. of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely).  Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

Upon initial review of this case, the Court issued an Order to Show Cause, instructing Petitioner that he must show that he has obtained an order from the Eleventh Circuit authorizing this Court to consider his Petition, or the Petition will be dismissed.  (Doc. 4.)  Petitioner failed to file a response by the deadline, and nothing in the record reflects that Petitioner has been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition. Accordingly, this Court lacks the authority to entertain Petitioner's claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, should be **DISMISSED**.

**IN CHAMBERS** this 19th day of May 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.